UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS
Eastern Division

05 1C5 NMG

TERENCE YOSHIDA,

                    Plaintiff,

v.

DELTA AIR LINES, INC.,

                    Defendant.

CIVIL ACTION

MAGISTRATE JUDGE

RECEIPT #_____
AMOUNT $_____
SUMMONS ISSUED N/A
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK._____
DATE_____

## DEFENDANT, DELTA AIR LINES, INC.'S, NOTICE OF REMOVAL

Defendant, Delta Air Lines, Inc. ("Delta"), hereby gives notice of the removal of the entire above-captioned case from the Superior Court of Suffolk County, Commonwealth of Massachusetts, pursuant to Title 28 U.S.C. § 1446, and in support hereof alleges the following:

1.    Delta is the defendant in a civil action filed in the Superior Court of Suffolk County for the Commonwealth of Massachusetts, captioned Terence Yoshida v. Delta Air Lines, Inc., Civil Action Number 05-0150-E.

2.    The Complaint filed in the Suffolk Superior Court is the initial pleading setting forth the claims upon which the action is based.

3.    Upon information and belief, on or about February 22, 2005, Delta was served with a copy of the Summons, Complaint, Demand for Jury Trial and Statement of Damages in the state court action that was filed in the Suffolk Superior Court on January 14, 2005. Copies of these documents are attached hereto as **Exhibit "A."**

4.    The Complaint states that on or about January 20, 2002, Terence Yoshida suffered injuries in connection with his flight aboard Delta Flight No. 2415 from Boston's Logan Airport to Orlando, Florida. Plaintiff alleges that Delta failed to maintain the subject airplane and its boarding area in a reasonably safe condition and failed to warn passengers of their dangerous and defective condition. Although it is not expressly stated in the Complaint, it is Delta's understanding that Plaintiff claims to have slipped and fallen while boarding the

subject flight.

5.   Plaintiff states that he was originally diagnosed with post traumatic tendonitis/bursitis of the left shoulder, contusion/sprain of his left wrist and hand, and lumbar spine syndrome. Plaintiff states that he was later diagnosed with post traumatic persistent left rotator cuff strain/tendonitis, a persistent left wrist and arm pain secondary to chronic pain, a possible shoulder hand injury and lumbar strain syndrome.

6.   Plaintiff further alleges that as a result of Delta's negligence, he experienced severe pain and suffering, was obligated to spend large sums of money for medical care and assistance, was forced to discontinue his usual duties and occupation, and his ability to enjoy life, earn income and attend his usual activities was greatly and permanently impaired.

7.   Delta is a corporation organized under the laws of Delaware with a principal place of business in Atlanta, Geogia. Plaintiff alleges in the Complaint that he is an individual who resides in Boston, Suffolk County, Massachusetts.

8.   This is an action over which this Court would have original jurisdiction pursuant to 28 U.S.C. §1332, in that there is complete diversity of citizenship between the Plaintiff and Defendant, and the amount in controversy, as stated in Plaintiffs Statement of Damages, exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, the jurisdictional minimal amount under section 1332.

9.   Furthermore, this is an action over which this Court would have original jurisdiction pursuant to 28 U.S.C. §1331, in that The Federal Aviation Act, 49 U.S.C. §1301, et seq and federal regulations promulgated thereunder govern the operation of aircraft in the United States and issues in this action are such that the Warsaw Convention, 49 Stat. 3000, TS 876, a treaty of the United Stated, warrant this court having original jurisdiction over this action.

10.  Accordingly, the defendant, Delta, is entitled to remove this action to this Court pursuant to

28 U.S.C. § 1441(a), as this Court would have original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1332, and the defendant, Delta, is removing this action to the District and Division for the place where the action is now pending, Massachusetts.

WHEREFORE, the defendant, Delta, hereby notifies the plaintiff that the above-captioned action now pending in the Superior Court for Suffolk County, Commonwealth of Massachusetts is removed therefrom to this Court.

Delta Air Lines, Inc.
By its attorneys,

Peter J. Black, BBO#044407
Peter J. Ainsworth, BBO#658704
Meehan, Boyle, Black & Fitzgerald P.C.
Two Center Plaza, Suite 600
Boston, MA 02108-1922
(617) 523-8300

### CERTIFICATE OF SERVICE

I, Peter J. Ainsworth, hereby certify that on March 17, 2005, I served the foregoing Defendant Delta Air Lines, Inc.'s Notice of Removal to the United States District Court for the District of Massachusetts, by mailing an exact copy thereof, postage prepaid to all counsel of record: Jeffrey C. Lavey, Esq., 623 Main Street, Woburn, MA 01801.

Peter J. Ainsworth

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 05-0150-E

Terence Yoshida _____ , Plaintiff(s)

v.

Delta Air Lines, Inc. _____ , Defendant(s)

## SUMMONS

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

To the above-named Defendant:

You are hereby summoned and required to serve upon Jeffrey C. Lavey _____

_____

plaintiff's attorney, whose address is 623 Main Street, Woburn, MA 01801 _____ , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse** ~~Esquire~~, at Boston, the __24th__ day of __January__ , in the year of our Lord two thousand five, 2005 _____ .

*Michael Joseph Donovan*

Clerk/Magistrate

2/22/05

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT  (2) MOTOR VEHICLE TORT  (3) CONTRACT  (4) EQUITABLE RELIEF  (5) OTHER

FORM CIV.P. 1 3rd Rev.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
SUFFOLK SUPERIOR COURT
CIVIL ACTION NO.:
05-0150-*E*

TERENCE YOSHIDA,
        Plaintiff,

VS.

COMPLAINT

DELTA AIR LINES, INC.,
        Defendant,

PARTIES.

1.    The Plaintiff, Terence Yoshida resides at 534 Beacon Street, Unit 306, Boston, Suffolk County, Commonwealth of Massachusetts;

2.    The Defendant, Delta Air Lines, Inc. is a duly organized Georgia corporation located at 1030 Delta Boulevard, Department 852, Atlanta, Georgia with its serving agent located at Corporations Service Company, 84 State Street, Boston, MA 02109;

COUNT I (Tort for Personal Injuries
Against the Delta Air Lines, Inc.)

5.    At all times herein concerned, the Defendant, Delta Air Lines, Inc. it's agents, servants and/or employees maintained and controlled the airplane and it's boarding area for Delta flight number 2415 at Logan Airport in Boston, Suffolk County, Commonwealth of Massachusetts;

6.    At all times herein concerned, the Defendant, Delta Air Lines, Inc. it's agents, servants and/or employee were responsible for all incidents of ownership, including maintaining the airplane and it's boarding area for Delta flight number 2415 in a reasonable safe condition for use of persons lawfully on said airplane and it's boarding area;

7.    On or about January 20, 2002 at approximately 4:40 p.m., the Plaintiff, Terence Yoshida, was lawfully on the premises known as Logan Airport and in the exercise of due care boarding Delta flight number 2415 at Logan Airport in Boston, Suffolk County, Commonwealth of Massachusetts;

-1-

8.    The injuries sustained by the Plaintiff, Terence Yoshida were the direct
and proximate result of the negligence of the Defendant, Delta Air Lines, Inc., its
agents, servants and/or employees. This negligence included but it is not limited to the
following:

a).    The Defendant, Delta Air Lines, Inc., its agents, servants and/or
employees negligently failed to maintain the above-mentioned airplane
and it's boarding area in a reasonably safe condition for the use of business
invitees and/or persons legally on said premises at Logan Airport, Boston,
MA  such as the Plaintiff, Terence Yoshida;

b).    The Defendant, its agents, servants and/or employees negligently failed to
warn business invitees and/or persons lawfully at Logan Airport, Boston,
MA boarding Delta Flight 2415 including the Plaintiff, Terence Yoshida
of the dangerous and defective condition of the above-mentioned airplane
and it's boarding area;

C).    The Defendant, Delta Air Lines, Inc., its agents, servants and/or
employees negligently maintained the above-mentioned airplane and it's
boarding area, thus creating a hazardous and unsafe condition for business
invitees and/or persons lawfully on the premises at Logan Airport, Boston,
MA, including the Plaintiff, Terence Yoshida;

d).    The Defendant, Delta Air Lines, Inc., its agents, servants and/or
employees negligently failed to inspect the above-mentioned airplane and
it's boarding area when it knew, or with reasonable diligence should have
known, that such shoddy and unprofessional maintenance of the above-
mentioned airplane and it's boarding area greatly increases the risk that
business invitees and/or persons lawfully on the premises at Logan Airport
in Boston, MA including the Plaintiff, Terence Yoshida will be injured
and sustain severe and permanent personal injuries;

9.  As a result of the Defendant, Delta Air Lines, Inc. above-mentioned negligence, the
Plaintiff, Terence Yoshida was originally diagnosed as having sustained a post traumatic
tendonitis/bursitis of his left shoulder, contusion/sprain of his left wrist and hand and
lumbar spine syndrome. At that time, Dr. Kornach injected Mr. Yoshida's shoulder with a
cortisone shot and referred him to a course of physical therapy at Spaulding
Rehabilitation Hospital. When extensive conservative treatment failed to alleviate his
constant pain and suffering, Dr. Kornach diagnosed him as having sustained a post
traumatic persistent left shoulder rotator cuff strain/tendonitis, a persistent left wrist and
arm pain secondary to chronic pain, a possible shoulder hand injury and lumbar strain
syndrome. At that time, Dr Kornach recommended that Mr. Yoshida undergo diagnostic
testing. Mr. Yoshida's shoulder MRI results revealed a bursal surface fraying of the

-2-

supraspinatus and infraspinatus of his shoulder. Consequently, Dr. Kornach recommended that Mr. Yoshida undergo a surgical procedure on his shoulder;

10.    As a direct and proximate consequence of said injuries, the Plaintiff, Terence Yoshida has experienced severe pain and suffering, which is continuing; he was obligated to spend large sums of money for medical care and assistance; he was forced to discontinue his usual duties and occupation; he will be put to great expense for future medical care and attendance; he was caused and will continue to suffer great pain of body and mind; The ability to enjoy life, earn income and attend to his usual activities has been greatly and permanently impaired;

11.    As a result of that collision and impact, the Plaintiff was caused to expend in excess of ten thousand and 00/100 ($10,000.00) dollars in medical expenses; and the injuries and damages sustained by the Plaintiff are sufficient to satisfy the requirements of all applicable statutes in order to allow the Plaintiff to maintain this action;

12.    As a further result thereof, the Plaintiff, Terence Yoshida has suffered severe and permanent injuries; he has sustained a loss of future earning capacity and has had his ability to enjoy a happy active, and healthy life adversely affected.

WHEREFORE, the Plaintiff, Terence Yoshida demands judgment against the Defendant, Delta Air Lines, Inc.

## COUNT II (Pursuant to Mass. General Laws c.93A, s.9) against Delta Air Lines, Inc.

13.    The Plaintiff, Terence Yoshida repeats and realleges the allegations contained in paragraphs one through twelve of this Complaint and incorporates same by reference as if fully set forth herein;

14.    The Defendant, Delta Airlines, Inc and has issued a standard liability policy to the Defendant, Delta Air Lines, inc. affording liability insurance coverage for the above-mentioned airplane and it's boarding area;

15.    On numerous occasions from January 16, 2003, through November 12, 2004, and thereafter, the Plaintiff presented his claim for personal injuries to Delta Air Lines, Inc. their agents, servants or employees, all to no avail;

16.    On November 12, 2004 the Plaintiff, pursuant to Massachusetts General Laws c. 93A, s.9, caused a proper demand letter to be given to Delta Air Lines, Inc.; said demand letter is attached hereto as "Exhibit A", and it reasonably alleges the unfair and deceptive practice engaged in by Delta Air Lines, Inc. their agents, servants and employees;

17.    The Defendant, Delta Air Lines, Inc., has failed to effectuate a prompt, fair and equitable settlement of the Plaintiff's claim against their insured wherein liability has become reasonably clear;

18.    The Defendant, Delta Air Lines, Inc., in bad faith and knowledge that their conduct violated Massachusetts General Laws c.93A,S.2, failed to tender the Plaintiff a reasonable offer of settlement;

19.    Said act or omissions employed by Delta Air Lines, Inc. constitutes an unfair claim settlement practice in violation of the provisions of Massachusetts General Laws c.93A, and Massachusetts General Laws, c.176D, s. 3 (9) (f), and 940 CMR #:16, entitled Attorney General's Rules and Regulations Promulgated pursuant to Massachusetts General Laws c.93A. s. 2(c).

20.    The Defendant, Delta Air Lines, Inc. has negligently and improperly handled the Plaintiff's claim for personal injuries in willful and knowing violation of the provisions of Massachusetts General Laws, c.93a.

        WHEREFORE, the Plaintiff, Terence Yoshida demands judgment against Delta Air Lines, Inc..

                                        Terence Yoshida
                                        By his Attorney,


                                        Jeffrey C. Lavey
                                        623 Main Street
                                        Woburn Massachusetts
                                        (781) 938-1400

DATED: January 14, 2005

-4-

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
SUFFOLK SUPERIOR COURT
CIVIL ACTION NO.:

TERENCE YOSHIDA,
   Plaintiff,

VS.

DELTA AIR LINES, INC.,
   Defendant,

## STATEMENT OF DAMAGES

The Plaintiff, Terence Yoshida in the above-captioned action, hereby asserts that the money damages sought by means of the Complaint to which this statement of damages is attached amounts to one hundred thousand ($100,000.00) dollars.

Terence Yoshida,
By his Attorney,

Jeffrey C. Lavey
623 Main Street
Woburn, MA 01801
(781)-938-1400
B.B.O. No. 556479

DATED: January 14, 2005

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIALCOURT
SUFFOLK SUPERIOR COURT
CIVIL ACTION NO.:

TERENCE YOSHIDA,
          Plaintiff,

VS.

DELTA AIR LINES, INC.,
          Defendant,

## DEMAND FOR JURY TRIAL

TO THE CLERK OF THE ABOVE-NAMED COURT:

The Plaintiff, Terence Yoshida in the above-entitled action demands a jury trial on all issues.

DATED: January 14, 2005

Terence Yoshida
By his Attorney,

Jeffrey C. Lavey
623 Main Street
Woburn, Massachusetts 01801
((781)-938-1400
B.B.O. No. 556479

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only)___Terence Yoshida v. Delta Air Lines, Inc.___

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐   I.     160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐   II.    195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.              for patent, trademark or copyright cases

   ☑   III.   110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

   ☐   IV.    220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

   ☐   V.     150, 152, 153.

3.  Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                        YES ☐        NO ☑

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)

                                                        YES ☐        NO ☑

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                        YES ☐        NO ☐

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                        YES ☐        NO ☑

7.  Do **all** of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                                        YES ☑        NO ☐

   A.   If yes, in which division do **all** of the non-governmental parties reside?

        Eastern Division   ☑          Central Division   ☐          Western Division   ☐

   B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

        Eastern Division   ☐          Central Division   ☐          Western Division   ☐

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If yes, submit a separate sheet identifying the motions)

                                                        YES ☐        NO ☑

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME ___Peter J. Ainsworth___

ADDRESS ___Meehan, Boyle, Black & Fitzgerald, P.C., Two Center Plaza, Suite 600, Boston, MA 02108___

TELEPHONE NO. ___(617) 523-8300___

(CategoryForm.wpd - 2/15/05)

JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a)  PLAINTIFFS**

Terence Yoshida

**DEFENDANTS**

Delta Air Lines, Inc.

**(b)**  County of Residence of First Listed Plaintiff    **Suffolk, Massachusetts**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    **Fulton, Georgia**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)

Jeffrey C. Lavey, Esq., Attorney At Law, 623 Main Street, Woburn, MA 01801 (781) 938-1400

Attorneys (If Known)

Peter J. Ainsworth, Esq., Meehan, Boyle, Black & Fitzgerald, P.C., Two Center Plaza, Boston, MA 02108 (617) 523-8300

**II. BASIS OF JURISDICTION**    (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☒ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 895 Freedom of Information Act |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of State Statutes |

**V. ORIGIN**    (Place an "X" in One Box Only)

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. sec. 1331 and 28 U.S.C. sec. 1332

Brief description of cause:
Plaintiff allegedly slipped and fell while boarding Delta Flight 2415 at Logan Airport, Boston, MA

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**

(See instructions):    JUDGE _____    DOCKET NUMBER _____

DATE

03/16/2005

SIGNATURE OF ATTORNEY OF RECORD

Peter J. Ainsworth

Digitally signed by Peter J. Ainsworth
DN: cn=Peter J. Ainsworth, c=US
Date: 2005.03.16 13:57:17 -05'00'

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____