Commonwealth of Massachusetts
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

03/21/2005
02:21 PM

## SUCV2005-00150
### Yoshida v Delta Air Lines, Inc

| | | | | | |
|---|---|---|---|---|---|
| File Date | 01/14/2005 | Status | Disposed: transferred to other court (dtrans) | | |
| Status Date | 03/21/2005 | Session | E - Civil E | | |
| Origin | 1 | Case Type | B20 - Personal Injury-Slip&Fall | | |
| Lead Case | | Track | F | | |
| Service | 04/14/2005 | Answer | 06/13/2005 | Rule12/19/20 | 06/13/2005 |
| Rule 15 | 06/13/2005 | Discovery | 11/10/2005 | Rule 56 | 12/10/2005 |
| Final PTC | 01/09/2006 | Disposition | 03/10/2006 | Jury Trial | Unknown |

### PARTIES

**Plaintiff**
Terence Yoshida
Active 01/14/2005

**Private Counsel** 556479
Jeffrey C Lavey
623 Main Street
Woburn, MA 01801
Phone: 781-938-1400
Fax:
Active 01/14/2005 Notify

**Defendant**
Delta Air Lines, Inc
Served: 02/22/2005
Served (answr pending) 03/04/2005

**Private Counsel** 044407
Peter J Black
Meehan, Boyle, Black & Fitzgeral
2 Center Plaza, Suite 600
Boston, MA 02108-1922
Phone: 617-523-8300
Fax: 617-523-0525
Active 03/21/2005 Notify

**Private Counsel** 658704
Peter J Ainsworth
Meehan Boyle Black & Fitzgerald
2 Center Plaza
Suite 600
Boston, MA 02108-1922
Phone: 617-523-8300
Fax: 617-523-0525
Active 03/21/2005 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 01/14/2005 | 1.0 | Complaint filed |
| 01/14/2005 | | Origin 1, Type B20, Track F. |
| 01/14/2005 | 2.0 | Civil action cover sheet filed |
| 03/04/2005 | 3.0 | SERVICE RETURNED: Delta Air Lines, Inc (Defendant) by delivering in hand to Bernardo Montanez, process clerk, agent in charge on 2/22/05 |
| 03/18/2005 | | Certified copy of petition for removal to U. S. Dist. Court of Deft. Delta Air Lines, Inc. U. S. Dist.#(05-10509NMG). |
| 03/21/2005 | | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

I HEREBY ATTEST AND CERTIFY ON

MARCH 23, 2005, THAT THE
FOREGOING DOCUMENT IS A
TRUE AND CORRECT COPY OF
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY. _Timothy Walsh_

ASSISTANT CLERK.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                           SUPERIOR COURT DEPARTMENT
                                       OF THE TRIAL COURT
                                       SUFFOLK SUPERIOR COURT
                                       CIVIL ACTION NO.: 05-0150-E

TERENCE YOSHIDA,
        Plaintiff,

VS.                                    COMPLAINT

DELTA AIR LINES, INC.,
        Defendant,

## PARTIES.

1.   The Plaintiff, Terence Yoshida resides at 534 Beacon Street, Unit 306, Boston, Suffolk County, Commonwealth of Massachusetts;

2.   The Defendant, Delta Air Lines, Inc. is a duly organized Georgia corporation located at 1030 Delta Boulevard, Department 852, Atlanta, Georgia with its serving agent located at Corporations Service Company, 84 State Street, Boston, MA 02109;

### COUNT I (Tort for Personal Injuries Against the Delta Air Lines, Inc.)

5.   At all times herein concerned, the Defendant, Delta Air Lines, Inc. it's agents, servants and/or employees maintained and controlled the airplane and it's boarding area for Delta flight number 2415 at Logan Airport in Boston, Suffolk County, Commonwealth of Massachusetts;

6.   At all times herein concerned, the Defendant, Delta Air Lines, Inc. it's agents, servants and/or employee were responsible for all incidents of ownership, including maintaining the airplane and it's boarding area for Delta flight number 2415 in a reasonable safe condition for use of persons lawfully on said airplane and it's boarding area;

7.   On or about January 20, 2002 at approximately 4:40 p.m., the Plaintiff, Terence Yoshida, was lawfully on the premises known as Logan Airport and in the exercise of due care boarding Delta flight number 2415 at Logan Airport in Boston, Suffolk County, Commonwealth of Massachusetts;

8. The injuries sustained by the Plaintiff, Terence Yoshida were the direct and proximate result of the negligence of the Defendant, Delta Air Lines, Inc., its agents, servants and/or employees. This negligence included but it is not limited to the following:

> a). The Defendant, Delta Air Lines, Inc., its agents, servants and/or employees negligently failed to maintain the above-mentioned airplane and it's boarding area in a reasonably safe condition for the use of business invitees and/or persons legally on said premises at Logan Airport, Boston, MA such as the Plaintiff, Terence Yoshida;
>
> b). The Defendant, its agents, servants and/or employees negligently failed to warn business invitees and/or persons lawfully at Logan Airport, Boston, MA boarding Delta Flight 2415 including the Plaintiff, Terence Yoshida of the dangerous and defective condition of the above-mentioned airplane and it's boarding area;
>
> C). The Defendant, Delta Air Lines, Inc., its agents, servants and/or employees negligently maintained the above-mentioned airplane and it's boarding area, thus creating a hazardous and unsafe condition for business invitees and/or persons lawfully on the premises at Logan Airport, Boston, MA, including the Plaintiff, Terence Yoshida;
>
> d). The Defendant, Delta Air Lines, Inc., its agents, servants and/or employees negligently failed to inspect the above-mentioned airplane and it's boarding area when it knew, or with reasonable diligence should have known, that such shoddy and unprofessional maintenance of the above-mentioned airplane and it's boarding area greatly increases the risk that business invitees and/or persons lawfully on the premises at Logan Airport in Boston, MA including the Plaintiff, Terence Yoshida will be injured and sustain severe and permanent personal injuries;

9. As a result of the Defendant, Delta Air Lines, Inc. above-mentioned negligence, the Plaintiff, Terence Yoshida was originally diagnosed as having sustained a post traumatic tendonitis/bursitis of his left shoulder, contusion/sprain of his left wrist and hand and lumbar spine syndrome. At that time, Dr. Kornach injected Mr. Yoshida's shoulder with a cortisone shot and referred him to a course of physical therapy at Spaulding Rehabilitation Hospital. When extensive conservative treatment failed to alleviate his constant pain and suffering, Dr. Kornach diagnosed him as having sustained a post traumatic persistent left shoulder rotator cuff strain/tendonitis, a persistent left wrist and arm pain secondary to chronic pain, a possible shoulder hand injury and lumbar strain syndrome. At that time, Dr Kornach recommended that Mr. Yoshida undergo diagnostic testing. Mr. Yoshida's shoulder MRI results revealed a bursal surface fraying of the

supraspinatus and infraspinatus of his shoulder. Consequently, Dr. Kornach recommended that Mr. Yoshida undergo a surgical procedure on his shoulder;

10. As a direct and proximate consequence of said injuries, the Plaintiff, Terence Yoshida has experienced severe pain and suffering, which is continuing; he was obligated to spend large sums of money for medical care and assistance; he was forced to discontinue his usual duties and occupation; he will be put to great expense for future medical care and attendance; he was caused and will continue to suffer great pain of body and mind; The ability to enjoy life, earn income and attend to his usual activities has been greatly and permanently impaired;

11. As a result of that collision and impact, the Plaintiff was caused to expend in excess of ten thousand and 00/100 ($10,000.00) dollars in medical expenses; and the injuries and damages sustained by the Plaintiff are sufficient to satisfy the requirements of all applicable statutes in order to allow the Plaintiff to maintain this action;

12. As a further result thereof, the Plaintiff, Terence Yoshida has suffered severe and permanent injuries; he has sustained a loss of future earning capacity and has had his ability to enjoy a happy active, and healthy life adversely affected.

WHEREFORE, the Plaintiff, Terence Yoshida demands judgment against the Defendant, Delta Air Lines, Inc.

## COUNT II (Pursuant to Mass. General Laws c.93A, s.9) against Delta Air Lines, Inc.

13. The Plaintiff, Terence Yoshida repeats and realleges the allegations contained in paragraphs one through twelve of this Complaint and incorporates same by reference as if fully set forth herein;

14. The Defendant, Delta Airlines, Inc and has issued a standard liability policy to the Defendant, Delta Air Lines, inc. affording liability insurance coverage for the above-mentioned airplane and it's boarding area;

15. On numerous occasions from January 16, 2003, through November 12, 2004, and thereafter, the Plaintiff presented his claim for personal injuries to Delta Air Lines, Inc. their agents, servants or employees, all to no avail;

16. On November 12, 2004 the Plaintiff, pursuant to Massachusetts General Laws c. 93A, s.9, caused a proper demand letter to be given to Delta Air Lines, Inc.; said demand letter is attached hereto as "Exhibit A", and it reasonably alleges the unfair and deceptive practice engaged in by Delta Air Lines, Inc. their agents, servants and employees;

17. The Defendant, Delta Air Lines, Inc., has failed to effectuate a prompt, fair and equitable settlement of the Plaintiff's claim against their insured wherein liability has become reasonably clear;

18. The Defendant, Delta Air Lines, Inc., in bad faith and knowledge that their conduct violated Massachusetts General Laws c.93A,S.2, failed to tender the Plaintiff a reasonable offer of settlement;

19. Said act or omissions employed by Delta Air Lines, Inc. constitutes an unfair claim settlement practice in violation of the provisions of Massachusetts General Laws c.93A, and Massachusetts General Laws, c.176D, s. 3 (9) (f), and 940 CMR #:16, entitled Attorney General's Rules and Regulations Promulgated pursuant to Massachusetts General Laws c.93A. s. 2(c).

20. The Defendant, Delta Air Lines, Inc. has negligently and improperly handled the Plaintiff's claim for personal injuries in willful and knowing violation of the provisions of Massachusetts General Laws, c.93a.

WHEREFORE, the Plaintiff, Terence Yoshida demands judgment against Delta Air Lines, Inc..

Terence Yoshida
By his Attorney,

Jeffrey C. Lavey
623 Main Street
Woburn Massachusetts
(781) 938-1400

DATED: January 14, 2005

I HEREBY ATTEST AND CERTIFY ON
MARCH 23, 2005 THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

ASSISTANT CLERK.

-4-

# JEFFREY C. LAVEY
ATTORNEY AT LAW
623 MAIN STREET
WOBURN, MA 01801

TELEPHONE (781) 938-1400
FAX (781) 938-1471

November 12, 2004

Delta Air Lines, Inc.
P.O. Box 20858
Atlanta, Georgia 30320-2858

Attention: Claire Pelletier

RE: Terence Yoshida (Claimant)
VS: Delta Air Lines, Inc. (Your insured)
Your File No: T7985/CP
Date of Accident: January 20, 2002
Location of Accident: Logan Airport, Boston, MA

Dear Ms. Pelletier:

As you know, I represent the legal interests of Terence Yoshida, of Boston, Massachusetts, in connection with the personal injuries that he sustained when he was caused to fall while boarding Delta Air Lines flight number 2415, on the above date and location.

Reference is made to my January 16, 2003, February 18, 2003, February 27, 2003, June 11, 2003, June 30, 2003, October 1, 2003, October 3, 2003, October 22, 2003, September 14, 2004 and October 7, 2004 correspondence to you with enclosures. Reference is also made to my many telephone calls in an attempt to resolve this matter in an amicable fashion without litigation.

Please be advised that this letter is a formal demand sent to you pursuant to the requirements of Massachusetts General Laws, Chapter 93A, Section 9. It is a demand for damages and relief on behalf of Terence Yoshida for the unfair, deceptive and unreasonable practices employed by Delta Air Lines, Inc. for its handling of and refusal to honor my client's claim for personal injuries and medical pay benefits.

This correspondence is also a formal demand sent to you pursuant to the requirements of the Unfair Methods of Competition and Deceptive Acts and Practices in the Business of Insurance Act, Massachusetts General Laws, c. 176D, for the unfair and unreasonable practices employed by Delta air Lines, Inc. for the handling of and refusal to honor my client's claim for personal injuries and medical pay benefits.

-1-

Factually, on or about January 20, 2002 at approximately 4:40 p.m., my client was exercising due care boarding Delta flight number 2415 at Logan Airport in Boston, MA. At that time and location, the claimant Terence Yoshida was caused to fall on a slippery and defective surface, which was owned, operated and maintained by your insured, Delta Air Lines. It is alleged that your insured's agents, servants and/or employees negligently failed to maintain the above-mentioned airplane and/or it's boarding area in a reasonably safe condition and negligently failed to take the necessary safety and/or security precautions to ensure a safe environment for passengers boarding the above-mentioned airplane. Massachusetts law requires that an airline and/or it's agents, servants and/or employees in control of the boarding area of an airplane must act as a reasonable person in maintaining it's property in a reasonably safe condition in view of all circumstances including the likelihood of injury to others and the potential of seriousness of injury to others. Mounsey v. Ellard, 353 Mass. 693 (1973)

As a result of the above-mentioned negligence, my client injured his head, neck, left wrist, forearm, shoulder, elbow, back and thumb. In good faith, Mr. Yoshida initially hoped his injuries would heal naturally. This hope combined with the stringent work demands of the high tech industry delayed his initial medical treatment. Despite his strong desire to heal without medical treatment, Mr. Yoshida initially sought treatment with his primary care physician. Upon examination and evaluation, Dr. Gerald Doyle referred Mr. Yoshida to a specialist named Dr. Fulton Kornack. Upon examination and evaluation, Dr. Kornack diagnosed Mr. Yoshida as having sustained post-traumatic tendinitis/bursitis of his left shoulder, contusion/sprain of his left wrist and hand, and lumbar spine syndrome. At that time, Dr. Kornach injected Mr. Yoshida's shoulder with a cortisone shot and referred him to a course of physical therapy at Spaulding Rehabilitation Hospital for his shoulder and back. When extensive physical therapy failed to alleviate his constant pain and suffering, Dr Doyle referred Mr. Yoshida back to Dr. Kornack for re-evaluation in January of 2003. Upon examination and evaluation, Dr. Kornach diagnosed Mr. Yoshida as having sustained a post traumatic persistent left shoulder rotator cuff strain/tendenitis, a persistent left wrist and arm pain secondary to a chronic sprain, a possible shoulder hand injury and lumbar strain syndrome. At that time, Dr. Kornack recommended that Mr. Yoshida undergo diagnostic testing. Upon review by a single radiologist, Mr. Yoshida's MRI results revealed a bursal surface fraying of the supraspinatus and infraspinatus of his shoulder. Consequently, Dr. Kornack recommended Mr. Yoshida undergo a surgical procedure on his shoulder.

Thereafter, Mr. Yoshida consulted his primary care physician and requested a second opinion in regards to his shoulder surgery. Thereafter, Mr. Yoshida consulted the chief of the Harvard Shoulder Service, Dr. Jon P. Warner at Massachusetts General Hospital. Upon examination and evaluation, Dr. Warner opined that Mr. Yoshida had sustained a post-traumatic impingement as well as bicep tendonitis. The good doctor then recommended Mr. Yoshida return to physical therapy and if his condition does not improve, he opined that Mr.

Yodshida should undergo an arthoscopic subacromial decompression and/or biceps tendon tendodesis.

Prior to this incident, Mr. Yoshida's activities were not limited in any fashion due to any aches, pains, discomfort or limited range of motion. To date, as a direct result of your insured's negligence as listed above, Ms. Yoshida still experiences constant lower back pain, left-hand pain, thumb pain, wrist pain, arching pain, shoulder pain, head pain, neck pain and loss of sleep. Consequently, Mr. Yoshida's ability to enjoy life and engage in activities of daily living have been greatly curtailed as a direct of your insured's negligence.

My client's medical bills exceed ten thousand ($10,000.00) dollars and it is expected that he will incur substantial medical bills in the future; these medical bills should include future surgery expenses and reasonable and necessary aftercare. He has several weeks of total disability and he has incurred a permanent partial disability with continuing residuals.

Notwithstanding your insured's liability and my client's documentation of his injuries, no reasonable offer of settlement or payment of medical pay benefits has been forthcoming from Delta Air Lines, Inc. Your six thousand one hundred eighty nine and 00/100 ($6,189.00) dollar offer is woefully low and unacceptable to my client. In a good faith effort to resolve this matter my client would consider high/low arbitration with reasonable parameters. Numerous attempts have been made by this office to settle this claim in an amicable fashion without litigation, all to no avail.

Accordingly, it is my opinion that your failure to provide a prompt, fair and equitable settlement of his claim wherein liability has become reasonably clear amount to an act or omission that is an unfair claim settlement practice under the provisions of Section 3(9) (f) of said Chapter 176D. Moreover, these unfair and deceptive acts or practices violate 940 CMR of the Attorney General's Rules and Regulations promulgated pursuant to Section 2(c) of the Massachusetts General Laws, Chapter 93A.

Therefore, under the provisions of Massachusetts General Laws, c. 93A, Terence Yoshida hereby makes written demand for relief as outlined in that statute. My client sustained serious personal injuries in this accident. His demand to resolve the claim without further litigation for sixty five thousand ($65,000.00) dollars is quite reasonable since liability is certain and my client's injuries are substantiated.

As a result of the foregoing violations, the Plaintiff has been further injured as follows: (a) loss of use of the value of a prompt, fair and equitable settlement; (b) delay in settlement preventing the Plaintiff from protecting his potential recovery from inflationary losses; (c) increased costs of preparation and litigation which would not have been necessary;

(d) other damages, direct and indirect, which will occur due to continued delay to effect a prompt, fair and equitable settlement of this claim.

You are further advised that if there is a finding for Terence Yoshida in any subsequent action or hearing, recovery may be up to three, but not less than two times actual damages, along with the costs, interest and attorney fees if the Court finds that the act or practice was a willful or knowing violation of the above-mentioned statute or that your refusal to grant relief upon demand was made in bad faith with knowledge or reason to know that the act or practice complained of violated said statute.

Therefore, under the provisions of the above-mentioned statute, this letter is designed to give you a thirty (30) day period in which to make a written tender of settlement so as to effectuate a prompt, fair and equitable settlement of his claim.

Very truly yours,

Jeffrey C. Lavey

Enclosure
CERTIFIED MAIL
Return Receipt Requested
7003 1010 0005 3180 5709
and Regular Mail

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Delta Air Lines, Inc.
   P.O. Box 20858
   Atlanta, Georgia 30320-2858

   Claire Pelletier

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X _____  ☐ Agent  ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
   NOV 16 2004

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:    ☐ No

3. Service Type
   ☑ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label)
   7003 1010 0005 3180 5709

PS Form 3811, August 2001   Domestic Return Receipt   102595-02-M-1540

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ 3.85 |
| Certified Fee | 2.30 |
| Return Receipt Fee (Endorsement Required) | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 7.90  11/12/04 |

Postmark Here: Woburn, MA  Clerk: KT/70  2004

Sent To: Delta Air Lines, Inc.
Street, Apt. No.; or PO Box No.: P.O. Box 20858
City, State, ZIP+4: Atlanta, GA. 30320-2858

7003 1010 0005 3180 5709

PS Form 3800, June 2002   See Reverse for Instructions

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                SUPERIOR COURT DEPARTMENT
                                            OF THE TRIAL COURT
                                            SUFFOLK SUPERIOR COURT
                                            CIVIL ACTION NO.:


TERENCE YOSHIDA,
    Plaintiff,

VS.

DELTA AIR LINES, INC.,
    Defendant,


## STATEMENT OF DAMAGES

The Plaintiff, Terence Yoshida in the above-captioned action, hereby asserts that the money damages sought by means of the Complaint to which this statement of damages is attached amounts to one hundred thousand ($100,000.00) dollars.

                            Terence Yoshida,
                            By his Attorney,

                            Jeffrey C. Lavey
                            623 Main Street
                            Woburn, MA 01801
                            (781)-938-1400
                            B.B.O. No. 556479

DATED: January 14, 2005

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                               SUPERIOR COURT DEPARTMENT
                                           OF THE TRIALCOURT
                                           SUFFOLK SUPERIOR COURT
                                           CIVIL ACTION NO.:


TERENCE YOSHIDA,
       Plaintiff,

VS.

DELTA AIR LINES, INC.,
       Defendant,


**DEMAND FOR JURY TRIAL**

TO THE CLERK OF THE ABOVE-NAMED COURT:

The Plaintiff, Terence Yoshida in the above-entitled action demands a jury trial on all issues.


DATED: January 14, 2005

Terence Yoshida
By his Attorney,

Jeffrey C. Lavey
623 Main Street
Woburn, Massachusetts 01801
((781)-938-1400
B.B.O. No. 556479

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 05-0150-F | Trial Court of Massachusetts Superior Court Department County: |
|---|---|---|

| PLAINTIFF(S) Terence Yoshida | DEFENDANT(S) Delta Air Lines, Inc. |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Jeffrey C. Lavey 623 Main Street, Woburn, MA 01801 Board of Bar Overseers number: 781-938-1400 | ATTORNEY (If known) |

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B2D | Personal Injury - Slip & Fall (F) | | (✓) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses .................................... $ None
  2. Total Doctor expenses ..................................... $ 2,500.00
  3. Total chiropractic expenses ............................... $ None
  4. Total physical therapy expenses ........................... $ 6,500.00
  5. Total other expenses (describe) (Diagnostic testing) ...... $ 1,650.00
     Subtotal $ 10,650.00
B. Documented lost wages and compensation to date ............. $ 10,000.00
C. Documented property damages to date ........................ $ None
D. Reasonably anticipated future medical and hospital expenses  $ 30,000.00
E. Reasonably anticipated lost wages .......................... $ 20,000.00
F. Other documented items of damages (describe)
   $ 
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   As a direct result of Delta Air Lines, Inc's, agents, servants and/or employees negligence, the plaintiff, Terence Yoshida sustained a post traumatic persistent left shoulder rotator cuff strain/tendonitis, a persistent left wrist and arm pain secondary to chronic strain, a head injury, lumbar sprain and a bursal surface fraying of his shoulder which require surgery.
   TOTAL $ 81,300.00

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

TOTAL $ ............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____ DATE: 1-14-05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

I HEREBY ATTEST AND CERTIFY ON MARCH 23, 2005, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY. _____
ASSISTANT CLERK.

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 05-0150-E

Terence Yoshida _____, Plaintiff(s)

v.

Delta Air Lines, Inc. _____, Defendant(s)

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon Jeffrey C. Lavey plaintiff's attorney, whose address is 623 Main Street, Woburn, MA 01801, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse**, Esquire, at Boston, the 24th day of January, in the year of our Lord two thousand five, 2005.

*Michael Joseph Donovan*
Clerk/Magistrate

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

I HEREBY ATTEST AND CERTIFY ON MARCH 23, 2005, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
ASSISTANT CLERK.