UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS
Eastern Division

| | |
|---|---|
| TERENCE YOSHIDA,<br><br>                          Plaintiff,<br>v.<br><br>DELTA AIR LINES, INC.,<br><br>                         Defendant. | CIVIL ACTION<br>NO: 05-10509-NMG |

## DELTA AIR LINES, INC.'S ANSWER AND DEMAND FOR JURY TRIAL

The defendant, Delta Air Lines, Inc. ("Delta"), by and through its attorneys, MEEHAN, BOYLE, BLACK & FITZGERALD, P.C., hereby answers each numbered paragraph of the Complaint, expressly reserving its right to seek relief or to rely upon additional defenses by appropriate motion or as of right.

### PARTIES

1. Delta is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 1.

2. Delta denies that it is a Georgia corporation and admits the truth of the remaining allegations contained in Paragraph 2.

### COUNT I

3. Plaintiff's Complaint contains no Paragraph 3.

4. Plaintiff's Complaint contains no Paragraph 4.

5. As the term "boarding area" is ambiguous, Delta denies the allegations relating to it. Delta admits that it, along with others, maintained and controlled the subject airplane, Delta Express Flight No. 2415, while at the gate and the jetway.

6. Delta denies that it owned the so-called "boarding area," which is at best ambiguous. Delta further responds that Paragraph 6 is a purported statement of law and not an allegation of fact, so that no response is required from this defendant. If, however, it is determined that this paragraph contains additional allegations of fact, they are denied.

7. Delta admits that a person traveling under the name of Terry Yoshida was a passenger aboard Delta Express Flight 2415 from Logan Airport to Orlando International Airport on January 20, 2002, denies that said passenger was exercising due care for his own well

      being and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7 and calls upon Plaintiff to prove the same.

8. Delta denies the allegations contained in Paragraph 8.

9. Delta denies that it was negligent and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9 and calls upon Plaintiff to prove the same.

10. Delta denies that it was negligent and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 and calls upon Plaintiff to prove the same.

11. As Plaintiff's allegation that his injuries and damages are sufficient to satisfy the requirements of all applicable statutes is a purported statement of law, no response to this portion of Paragraph 11 is required from this defendant. Further answering, Delta denies that it was negligent and it denies that there was any "collision and impact" involved with Flight 2415 on January 20, 2002, is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11 and calls upon Plaintiff to prove the same.

12. Delta denies that it was negligent and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12 and calls upon Plaintiff to prove the same.

## COUNT II

13. Delta repeats and incorporates by reference herein its answers to Paragraphs one through twelve as if expressly restated herein.

14. Paragraph 14 is confusing and unintelligible in its use of the phrase, "The Defendant, Delta Airlines [sic], Inc. and has [sic] issued a standard liability policy to the Defendant, Delta Air Lines, inc." so Delta accordingly denies the allegations relating to it. Nevertheless, Delta admits that it maintains insurance affording liability coverage for its operations.

15. Delta admits that Plaintiff contacted Delta to discuss his claim for personal injuries on more than one occasion but denies the allegation that said conversations were "to no avail."

16. Delta admits that Plaintiff sent a purported demand letter dated November 12, 2004, but as the remaining allegations contained in Paragraph 16 are purported statements of law and not allegations of fact, no response is required from this defendant.

17. Paragraph 17's allegation that "liability has become reasonably clear" is a purported statement of law and not an allegation of fact, requiring no response from this defendant. If, however, this is determined to be an allegation of fact, it is denied. The reference to a claim against Delta's insured is confusing, and therefore denies all allegations related to it. Deltas further denies that the absence of a settlement is due to any failure on Delta's part.

18. Delta denies the allegations contained in Paragraph 18.

19. As Paragraph 19 is a purported statement of law and not an allegation of fact, no response is required from this defendant. If, however, it is determined that this paragraph contains allegations of fact, they are denied.

20. As Paragraph 20 is a purported statement of law and not an allegation of fact, no response is required from this defendant. If, however, it is determined that this paragraph contains allegations of fact, they are denied.

## AFFIRMATIVE DEFENSES

Delta asserts the following Affirmative Defenses, expressly reserving its right to amend its Answer and to rely upon such other and further defenses as may appear prior to the conclusion of this matter.

### First Affirmative Defense

Delta states that Plaintiff's claim must be dismissed for failure to state a claim upon which relief must be granted.

### Second Affirmative Defense

Delta states that Plaintiff's claims are barred and/or limited by federal law, including but not limited to the provisions of the Federal Aviation Administration Authorization Act, 49 U.S.C.A. §40101, et seq., and regulations promulgated thereunder.

### Third Affirmative Defense

Delta states that Plaintiff's claims are barred and/or limited by Delta's conditions of contract of carriage and tariffs.

### Fourth Affirmative Defense

Delta states that to the extent it had any obligations to Plaintiff, such obligations were fully performed and satisfied in all respects.

### Fifth Affirmative Defense

Delta states that if Defendant was negligent, which Delta expressly denies, then Plaintiff was more than fifty percent negligent and is barred from recovery under the law of comparative negligence.

### Sixth Affirmative Defense

Delta states that the claims contained in Count II of Plaintiff's Complaint are preempted by 49 U.S.C.App. § 1305(a)(1), revised without substantive change, 49 U.S.C.A. § 41713(b)(1) and therefore Plaintiff has failed to state a claim under that count for which relief can be granted. See *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 378, 112 S.Ct. 2031, 2033, 119 L.Ed.2d 157 (1992) (So-called Consumer Protection Acts are preempted by Federal Law).

### Seventh Affirmative Defense

Delta states that it intends to rely upon such other and further defenses as may appear prior

to or during the trial of this matter and reserves the right to amend its Answer and to rely upon and to assert additional defenses as of right or by appropriate motion.

WHEREFORE, Delta demands that judgment be entered in its favor dismissing the Complaint and that it be awarded its costs of defending this action, including reasonable attorney's fees.

### DEMAND FOR JURY TRIAL

Delta hereby demands a trial by jury on all matters in this action.

DELTA AIR LINES, INC.,
By its attorneys,


/s/ Peter Ainsworth
Peter J. Black, BBO#044407
Peter J. Ainsworth, BBO#658704
Meehan, Boyle, Black & Fitzgerald, P.C.
Two Center Plaza, Suite 600
Boston, MA 02108-1922
(617) 523-8300


### CERTIFICATE OF SERVICE

I, Peter J. Ainsworth, hereby certify that on April 15, 2005, I served the foregoing Delta Air Lines, Inc.'s Answer and Demand for Jury Trial, by mailing an exact copy thereof, postage prepaid to all counsel of record: Jeffrey C. Lavey, Esq., 623 Main Street, Woburn, MA 01801.


/s/ Peter Ainsworth
Peter J. Ainsworth